In re BRIDGE OVER SPUYTEN DUYVIL & P. M. R. R. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

EMINENT DOMAIN (§ 156*)—RIGHT TO AWARD—TRUSTS—TERMINATION.

Testator bequeathed the residue of his estate to his executors and trustees in trust during the lives of two persons then in being, and directed that the rents and profits be paid over to certain designated beneficiaries, and, on the death of the persons on whose lives the trust was limited, required that the executors and trustees should collect the rents, issues, and profits, and divide the same, with the residue of the estate, among the beneficiaries under the trust in the same proportion that such beneficiaries received the income. After the death of the persons on whose lives the trust was limited, and of the executors and trustees, an administrator with the will annexed was appointed to execute the trust, and, after such appointment, proceedings were instituted by the city of New York to condemn certain property belonging to the estate for public use. *Held*, that each of the named beneficiaries who survived the testator took a vested interest both in the principal and income of the trust fund, indefeasible, descendible, divisible, and alienable, so that, on the termination of the trust by the termination of the lives on which it was limited, such beneficiaries became entitled to the award made for the property, and it was error to direct payment to the administrator and trustee.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 156 *]

Appeal from Special Term, New York County.

Application by the City of New York to acquire title to certain lands for the opening and extension of the approaches to the bridge over the Spuyten Duyvil & Port Morris Railroad. From an order confirming the report of commissioners of estimate and appraisal, certain heirs of William B. Ogden, deceased, appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Archibald R. Watson, Corp. Counsel (Joel J. Squier, of counsel, Edward F. Reynolds, on the brief), for appellants.

John C. Shaw, for Edwin B. Sheldon, administrator with the will annexed of William B. Ogden, respondent.

Walter Shaw Brewster and Charles P. Howland (Willard P. Butler, of counsel), for certain beneficiaries and devisees under the will of William B. Ogden, filing a brief by leave of the court.

CLARKE, J.   We have carefully examined the record, and find no grounds therein to disturb the conclusions of the commissioners of estimate and appraisal so far as the amount of their award for damages is concerned, and in that regard the order confirming their report is affirmed.

A serious question is presented upon the appeal by the city and upon the brief filed by certain of the beneficiaries and devisees under the last will and testament of William B. Ogden, deceased, as to the person or persons to whom the award should have been made.  The property affected belonged in his lifetime to William B. Ogden, who died in August, 1877.  He left a will devising and bequeathing to his executors and trustees all his residuary estate in trust during a period not exceeding two lives then in being, namely, the lives of Marianna A. Ogden and Edward H. Sheldon, and directed them to pay over the rents, issues, profits, and income thereof in certain specified portions to some 16 or 17 beneficiaries.  The will further provided:

"From and after the decease of my said wife, Marianna A. Ogden and my said brother-in-law Edward H. Sheldon, being the two lives now in being by which the right of my said Executors and Trustees to collect the rents, issues and profits of my estate are limited, I give, devise and bequeath all and singular the real and personal estate of which my said Executors and Trustees shall theretofore have received the rents, issues and profits, and all the rest, residue and remainder of my property and estate, whatsoever and wheresoever, not herein otherwise specifically devised or bequeathed, in, to and amongst the beneficiaries under the trusts created by this will, in such manner that the parties theretofore receiving the income only shall receive and become vested with the estate and property out of which such income arose in the same relative shares and proportions in which they were entitled to said income, viz. * * *"

The will was duly probated and the executors and trustees entered upon the performance of their duty.  All of the executors named in the will are dead.  Edward H. Sheldon died December 20, 1890, and Mrs. Ogden died September 28, 1904.  So that the two lives upon which the continuance of the trust depended terminated on that day.  Thereafter Edwin B. Sheldon was appointed administrator with the will annexed, and by order of the Supreme Court dated January 6, 1905, he was appointed to execute the trusts unexecuted of the will of William B. Ogden, deceased.

These proceedings were initiated under a resolution of the board of estimate and apportionment adopted March 3, 1905, and title vested in the city on the 1st of March, 1906.  The claim was filed by the estate of William B. Ogden, deceased, which was represented by Mr. Shaw throughout the hearing.  After the testimony had been concluded, certain attorneys representing two-thirds of the heirs of the

estate of William B. Ogden, deceased, appeared before the commissioners, and objected to the award being made to Edwin .B. Sheldon as administrator with the will annexed and as trustee, and claimed that the award should be made to the heirs of the estate of William B. Ogden, deceased. The commissioners nevertheless made the award to Sheldon, and said disposition was affirmed by the Special Term.

At the time this proceeding was initiated and so at the time title vested in the city, the two lives upon which the trust had been limited had terminated. The will of Mr. Ogden has been heretofore before the courts. In Butler v. Green, 65 Hun, 99, 19 N. Y. Supp. 890, it was held that there was no equitable conversion of the real into personal property. In Ogden v. Ogden, 40 Misc. Rep. 473, 82 N. Y. Supp. 710, Mr. Justice Leventritt said that:

"Frequent re-readings of the entire will have only strengthened the conclusion derived from the first cursory perusal that each of the sixteen named beneficiaries, who survived the testator, took absolutely vested interests both in principal and income, indefeasible, descendible, divisible and alienable."

It would seem, therefore, that upon the death of Mrs. Ogden the real estate under consideration in the matter at bar vested in possession in the heirs and devisees, and continued so vested until title passed to the city March 1, 1906. The right to the award became fixed upon that date, and was a personal right in the then owners of the property, the amount, however, to be ascertained upon the confirmation of the report.

We are of opinion, therefore, that the award was improperly made to Mr. Sheldon as administrator and trustee, and, while confirmed in other respects, that the report should be returned to the commissioners with instructions to make the award to unknown owners.

It follows, therefore, that the order appealed from should be modified by affirming the report of the commissioners so far as the amount of the award is concerned, and returning the same to the former commissioners with instructions to make the award to unknown owners, without costs to any party upon this appeal. All concur.